IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

United States of America,

              Plaintiff,

   v.

Charles Dossman, et al.,

             Defendants.

CR.S-05-270 DFL

MEMORANDUM OF OPINION
AND ORDER

    Defendant Charles Dossman was indicted in July 2005 for two alleged drug offenses: (1) conspiracy to distribute cocaine base and (2) possession with intent to distribute cocaine base. The investigation by the Sacramento Police Department that led to these charges included a search of four different locations as authorized by a search warrant issued by a state court judge. In the affidavit in support of the warrant, the affiant, Detective Kevin R. Patton, averred as follows as to certain events occurring on December 16, 2004 outside a Church's Fried Chicken on Florin Road:

    Detective Oliver observed Dossman exit his vehicle and walk

1

        to the driver side of another vehicle occupied by two black
        adult subjects.  The vehicle was a Black/Silver Mazda sedan
        CA Licence # 2PQN220.  Detective Oliver saw Dossman make a
        hand-to-hand transaction with the driver of the vehicle.

In other discovery, the government disclosed that there had been a vehicle stop of the Mazda sedan subsequent to the observations recited by Detective Patton above.  However, the discovery did not disclose whether the Mazda had been searched during the stop, and, if so, what the results of the search had been.  Suspecting that indeed there had been in a search, and that the results of the search were negative such that the affidavit was materially misleading, defendant Dossman now seeks discovery of the results of the putative search by means of Fed. R. Crim. P. 16(a)(1)(E) and 17(c).  Under Rule 17(c) he requests that the court authorize the issuance of a subpoena duces tecum to the Sacramento Police Department and the Office of the United States Attorney for any papers, documents, or tangible items related to the stop of the Mazda.  Alternatively, Dossman seeks discovery of the same information under Rule 16(a)(1)(E).

    The government opposes the discovery.  Nonetheless, in an in camera submission, the government has provided the court with the relevant documents that would respond to the subpoena with a declaration from Detective Patton.  The in camera submission and declaration reveal that defense counsel's supposition was incorrect: in fact, there was no search of the Mazda, only a vehicle stop.  Undaunted by this information, which was shared with the defense at the oral argument on this motion, Dossman continues to claim an entitlement to further discovery on the

theory that the officers may be lying about whether or not there was a search. Since the documents do not appear to contradict Detective Patton's declaration that no search was conducted, it is not clear how the documents would assist preparation of the defense.

For the reasons stated below, the court DENIES defendant's motion.

II.

A. Rule 16(a)(1)(E)

Defendant contends that Rule 16(a)(1)(E) entitles him to evidence in the government's possession, not qualifying as work product, that relates to the vehicle stop.[1] (Mot. at 2.) Rule 16(a)(1)(E) allows for discovery of "documents and objects" that are: (1) in the government's "possession, custody, or control" and (2) are "material to preparing the defense."[2] Fed. R. Crim.

---

[1] Defense counsel clarified at oral argument that he was only seeking non-work-product evidence in the possession of the government.

[2] Rule 16(a)(1)(E) provides:
Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
(i) the item is material to preparing the defense;
(ii) the government intends to use the item in its case-in-chief at trial; or
(iii) the item was obtained from or belongs to the defendant.

3

1  P. 16(a)(1)(E).  Rule 16(a)(2), however, limits discovery of work
2  product created by government agents while investigating or
3  prosecuting the case.  Fed. R. Crim. P. 16(a)(2).  Thus, while
4  Rule 16 (a)(1)(E) would not require disclosure of a police
5  report, it could require disclosure of a dispatch log or tape
6  recording in the possession of the government.

7     In the circumstance here, Rule 16(a)(1)(E) does not entitle
8  defendant to discover any evidence the government has relating to
9  the vehicle stop because he had made no showing that any tangible
10 objects or documents are "material to preparing the defense" in
11 the sense that the evidence could "significantly alter the
12 quantum of proof in his favor," United States v. Ross, 511 F.2d
13 757, 762-63 (5th Cir. 1975), cert denied 423 U.S. 836, 96 S.Ct.
14 62 (1975), or "'play an important role in uncovering admissible
15 evidence, aiding witness preparation, corroborating testimony, or
16 assisting impeachment or rebuttal.'" United States v. Lloyd, 992
17 F.2d 348, 351 (D.C. Cir. 1993) (quoting United States v. Felt,
18 491 F.Supp. 179, 186 (D.D.C. 1979)).  It is not enough to show
19 that the discovery has "some abstract logical relationship to the
20 issues in the case." Ross, 511 F.2d at 762.

21    Moreover, "[n]either a general description of the
22 information sought nor conclusory allegations of materiality
23 suffice." United States v. Santiago, 46 F.3d 885, 894 (9th Cir.
24 1995) (quoting United States v. Mandel, 914 F.2d 1215, 1219 (9th
25 Cir. 1990).  In Santiago, the court acknowledged that the gang
26 affiliations of inmate witnesses in a prison murder trial might

4

be material.  Id.  But the court held that the defendant could not use Rule 16 to obtain witnesses' inmate files to see *if* they belonged to a gang.  See id.  Rather, the defendant must prove materiality before becoming entitled to the evidence under Rule 16; he cannot just guess at what the evidence might show and contend that it may be material if his guess is correct.

As in Santiago, defendant makes "conclusory allegations" that fail to establish that the information he seeks is material. Defendant argues that the evidence is material to a Franks hearing.  (Mot. at 5.)  But there is no Franks hearing scheduled because defendant has not yet made the requisite "substantial preliminary showing."  Furthermore, the information sought is material only if defendant is right that there was a search of the Mazda which turned up no drugs.  But there is no evidence that there was a search and the government denies that there was one.  It is not enough to string together a speculative list of possibilities – such as, the officers may be lying about whether there was a search, the documents or tangible items might show that the officers are lying, there may have been a search and the search may not have found any cocaine base.  This is not a showing of materiality.  It is a wish list.  It might be consistent with expansive civil discovery, but it is not permitted under the more restrictive criminal discovery standards.

////

B.  Rule 17

   Defendant contends that Rule 17 entitles him to a subpoena duces tecum for evidence held by the Sacramento Police Department pertaining to the vehicle stop.  He is incorrect.

   Rule 17(c) permits production of subpoenaed documents prior to the trial or evidentiary hearing where the documents would otherwise be produced.[3]  The rule facilitates use of the documents at the proceeding because the lawyer will be able to examine them prior to the hearing or trial.  "[The Rule's] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." United States v. Nixon, 418 U.S. 683, 699 (1974).  "[I]t was not intended to provide a means of discovery for criminal cases." Id.

   A party may invoke Rule 17(c) only upon making a specific request demonstrating that the items are: (1) relevant and (2) admissible.  Id. at 700.  Here, defendant fails to make the necessary showing.  First, there is no scheduled hearing or trial at which this evidence might be admissible.  No evidentiary

---

[3]  Rule 17(c)(1) provides:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

6

hearing has been set for defendant's contemplated motion to suppress.  This proposed 17(c) subpoena is simply discovery which is beyond the scope of Rule 17(c).  Second, as with materiality under Rule 16, evidence cannot be "relevant" or "specific" under Rule 17 if defendant does not know what the evidence consists of or what it will show.  See United States v. Arditti, 955 F.2d 331, 346 (5th Cir. 1992).  Defendant speculates that the documents or items may show that the police officers are lying about whether there was a search.  But he has no basis to assert that the officers are lying, and he offers nothing to show that the supposed documents or items would assist him in proving this accusation.  Again, he is "trying 'to use the subpoena duces tecum as a discovery device, which it is not.'"  Id.  (quoting United States v. Nixon, defendant has failed to sufficiently demonstrate that the materials he seeks is admissible.

////

////

////

////

////

////

////

////

////

III.

For the reasons stated above, the court DENIES defendant's request for a subpoena duces tecum under both Rule 17(c) and discovery under Rule 16.[4]

IT IS SO ORDERED.

Dated: 10/11/2006

_____
DAVID F. LEVI
United States District Judge

---

[4] Defendant does not claim that the items he seeks are exculpatory Brady material.  Moreover, upon review of the in camera submission, the court does not find that any of the items are within the government's disclosure obligations under Brady.

8